**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

| | |
|---|---|
| LARRY HOBBS FARM EQUIPMENT,<br>INC., d/b/a HOBBS FARM IMPLEMENT<br>and HOBBS FARM EQUIPMENT | PLAINTIFF |
| v.                    Case No. 2:08CV00049 JLH | |
| CNH AMERICA, LLC, d/b/a/ CASE IH,<br>successor in interest to DMI, INC. | DEFENDANT |

**OPINION AND ORDER**

Larry Hobbs Farm Equipment, Inc., commenced this action against CNH America, LLC, alleging violations of the Arkansas Franchise Practices Act, Ark. Code Ann. § 4-72-201 *et seq.*; violations of the Arkansas Farm Equipment Retailer Franchise Protection Act, Ark. Code Ann. § 4-72-301 *et seq.*; breach of contract and the implied covenant of good faith and fair dealing; tortious interference with present and prospective business advantage; and unjust enrichment. Hobbs's claim for unjust enrichment was dismissed by agreement. His breach of contract claim, his tortious interference claim, and some of his claims of violations of the Arkansas Franchise Practices Act were dismissed without prejudice. Certain questions of construction of the Arkansas statutes were certified to the Arkansas Supreme Court, which has answered those questions. Hobbs now seeks leave to file a first amended complaint. For the following reasons, that motion is granted.

**I.**

When a plaintiff moves the court for leave to file an amended pleading, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A district court can refuse to allow amendment only if it will result in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523 (8th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). There is no absolute right to amend, *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007), and the decision is a discretionary matter for the district court to resolve. *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) (citing *Corsica Livestock Sales v. Sumitomo Bank of Cal.*, 726 F.2d 374, 377 (8th Cir. 1983)). The burden is on the party opposing the motion to show that it will be unfairly prejudiced. *Id.* (citing *Mercantile Trust Co. v. Inland Marine Products Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976)).

**II.**

This Court previously dismissed without prejudice Hobbs's claims for breach of contract; tortious interference with a prospective business advantage; and violations of Ark. Code Ann. § 4-72-206(6) (refusal to deal with Hobbs in a commercially reasonable manner), § 4-72-207(a)(3) (operating as a fraud upon Hobbs), and § 4-72-204(b) (deficient notice of franchise termination). Pursuant to Rule 6-8 of the Rules of the Supreme Court of the State of Arkansas, this Court certified to the Arkansas Supreme Court three questions of statutory construction: (1) whether the market withdrawal of a product or of a trademark and trade name for the product constitutes "good cause" to terminate a franchise under Ark. Code Ann. § 4-72-204(a)(1); (2) whether liability under Ark. Code Ann. § 4-72-310(b)(4) is created when a manufacturer terminates, cancels, fails to renew, or substantially changes the competitive circumstances of the dealership agreement based on re-branding of the product or ceasing to use a particular trade name or trademark for a product while selling it under a different trade name or trademark; and (3) whether the sole remedies for a violation of the Arkansas Farm Equipment Retailer Franchise Protection Act are (a) the requirement that the

manufacturer repurchase inventory for a termination without good cause and (b) damages, costs, and attorneys' fees resulting from the failure to repurchase as provided in Ark. Code Ann. § 4-72-309, or whether other remedies are also available.

The Arkansas Supreme Court answered these questions in a January 22, 2009 opinion. As to the first question, the Arkansas Supreme Court held that the market withdrawal of a product or of a trademark and a trade name for the product does not constitute "good cause" to terminate a franchise under Ark. Code Ann. § 4-72-204(a)(1). As to the second question, the Arkansas Supreme Court held that no liability under Ark. Code Ann. § 4-72-310(b)(4) is created when a manufacturer terminates, cancels, fails to renew, or substantially changes the competitive circumstances of the dealership agreement based on re-branding of the product or ceasing to use a particular trade name or trademark for a product while selling it under a different trade name or trademark. Finally, as to the third question, the Arkansas Supreme Court held that other remedies are available under the Arkansas Farm Equipment Retailer Franchise Protection Act, but that those are limited to remedies other than money damages, such as injunctive relief and declaratory relief.

Hobbs's motion for leave to file a first amended complaint states that the intended purpose of the first amended complaint is to "streamline the Complaint initially filed in this matter . . . in response to the rulings on the Motion to Dismiss and Certified Questions . . . ." The proposed first amended complaint states two claims for relief: (1) termination of a franchise without good cause, in violation of Ark. Code Ann. § 4-72-204(a)(1); and (2) violation of the notice requirements of the dealership agreement and Ark. Code Ann. § 4-72-204(b).

**III.**

CNH objects to Hobbs's motion for leave to file a first amended complaint. CNH contends that many of the facts re-alleged in the first amended complaint are material only to punitive and treble damages and other claims previously dismissed. CNH argues that leave to amend should be denied because it would be prejudiced if those allegations were allowed to remain in the amended complaint and the amendments would be futile because they merely reiterate the prior allegations.

In support of its argument that Hobbs's first amended complaint would be futile, CNH cites the Court to two cases. Neither of those cases, however, is factually similar to the present case. In *In re Acceptance Ins. Companies Sec. Litig.*, 423 F.3d 899, 904 (8th Cir. 2005), the court held that amendment after discovery had closed would be futile where the proposed amendment contained no substantive differences from a prior complaint that had been properly dismissed for failure to state a claim. In *In re Charter Communications, Inc., Securities Litig.*, 443 F.3d 987 (8th Cir. 2006), the Eighth Circuit affirmed the district court's judgment that the plaintiff's claims were precluded by applicable case law and affirmed a denial of leave to amend because "the proposed amendment would be futile because it merely reiterated the prior allegations with additional particularity." *In re Charter Communications*, 443 F.3d at 991.

In this case, no discovery has yet been conducted, much less completed. Although several of Hobbs's claims were dismissed, they were dismissed without prejudice. Two of the dismissed claims—those for breach of the notice requirements under the dealership agreement and the Arkansas Franchise Practices Act—were dismissed without prejudice because Hobbs failed to allege that it incurred lost profits or other damages as a result of the violations.

The proposed amended complaint is substantially similar to the original complaint. The proposed amended complaint deletes the claims relating to unjust enrichment, tortious interference, fraud in violation of the Arkansas Franchise Practices Act, and commercially unreasonable practices in violation of the Arkansas Franchise Practices Act, and alleges claims for failing to give proper notice of termination and for wrongful termination. The proposed amended complaint adds allegations that Hobbs lost sales due to CNH's failure to comply with the notice requirements of the dealership agreement and of the notice provision of the Arkansas Franchise Practices Act, which is responsive to the Court's dismissal of these claims for failing to allege lost sales. Although CNH cites the Court to cases where the plaintiffs sought to add additional allegations and details, here CNH does not specifically object to any of Hobbs's proposed additions to the original complaint. Instead, the only paragraphs in the proposed amended complaint to which CNH specifically objects are paragraphs that are present in the pending complaint. Hobbs's first amended complaint does not merely re-allege claims that were held to be precluded by applicable law with greater particularity. Permitting the first amended complaint would not be futile.

CNH argues that several paragraphs in the first amended complaint merely reiterate allegations that are relevant only to claims that this Court and the Arkansas Supreme Court have held fail. CNH states that, if Hobbs's motion is granted, CNH will file a motion to strike the paragraphs that it believes relate only to claims that have been dismissed. However, even if Hobbs's present motion were not granted, the action would continue under the Arkansas Franchise Practices Act wrongful termination claim, which has never been dismissed, and the paragraphs to which CNH specifically objects would still appear in the pending complaint. Therefore, CNH would still be in the position of needing to file a motion to strike the factual and legal allegations from the pending

complaint that it believes relate only to the dismissed claims. Either way, CNH will have the opportunity to brief the Court more fully on which paragraphs it finds objectionable and why.

"Perhaps the most important factor . . . and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990). CNH has not shown that allowing Hobbs's first amended complaint would result in unfair prejudice.

## CONCLUSION

After considering all the factors listed in *Foman v. Davis*, the Court cannot conclude that allowing Hobbs's first amended complaint would be futile or would result in unfair prejudice to CNH. Therefore, Hobbs's motion for leave to file a first amended complaint is GRANTED. Document #32. Hobbs must file its first amended complaint within five days of entry of this Opinion and Order.

IT IS SO ORDERED this 17th day of April, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE